20-578
United States v. Holloway

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand twenty-two.

PRESENT:
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

**UNITED STATES OF AMERICA,**

      *Appellee,*

      **v.**                                                    **20-578**

**MALIK HOLLOWAY, A/K/A BLEEK,**

      *Defendant-Appellant.*<sup>*</sup>

_____

| | |
|---|---|
| **FOR APPELLEE:** | Jo Ann M. Navickas and Erik Paulsen, Assistant United States Attorneys, *for* Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

---

<sup>*</sup> The Clerk of Court is respectfully directed to amend the caption of the case as set forth.

**FOR DEFENDANT-APPELLANT:**          Steven Y. Yurowitz, Newman & Greenberg
                                      LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On August 20, 2018, Malik Holloway pleaded guilty to a conspiracy to violate the Travel Act, 18 U.S.C. §§ 371, 1952(a)(3). The district court imposed a below-Guidelines, 14-month sentence, followed by two years' supervised release. After Holloway served his sentence, the U.S. Probation Department reported over a dozen violations of his supervised release to the district court. The alleged violations included Holloway's arrest for selling crack cocaine to an informant, as well as possession of ammunition and drugs at his residence.

The district court held a hearing on these violations on October 10, 2019. The court remanded Holloway to custody pending resolution of the supervised release violations. A standard strip search conducted by the U.S. Marshals Service before his confinement revealed a scalpel and seven bags of narcotics in his rectal cavity. Based on this conduct, Probation submitted an amended Violation of Supervised Release ("VOSR") Report charging Holloway with "Charge Seventeen" for "possession of a dangerous weapon in a federal court facility, in violation of 18 U.S.C. [§] 930(e)(1)." Holloway pleaded guilty to this charge, and the district court sentenced Holloway to 24 months' imprisonment—the maximum statutory sentence allowed.[1] Holloway now argues, for the first time on appeal, that his conviction and sentence on this charge must be vacated because the definition of "dangerous weapon" contained in 18 U.S.C. § 930(e)(1)—the

---

[1] On the government's motion, the district court dismissed the remaining 16 supervised release violations.

statute referenced in the VOSR Report—is void for vagueness. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews an unpreserved vagueness challenge for plain error. *See United States v. Rybicki*, 354 F.3d 124, 129 (2d Cir. 2003) (en banc). "Under plain error review, an appellant must demonstrate that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (cleaned up).

"The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.* at 181 (citation omitted). The doctrine implicates two concerns: "fair notice" and "arbitrary and discriminatory prosecutions." *Skilling v. United States*, 561 U.S. 358, 412 (2010). A two-step process governs our analysis: we must (1) "determine whether the statute gives the person of ordinary intelligence a reasonable opportunity to know what is prohibited" and (2) "then consider whether the law provides explicit standards for those who apply it." *Rubin v. Garvin*, 544 F.3d 461, 468 (2d Cir. 2008) (citation omitted).

As a threshold matter, the parties dispute the basis for Holloway's conviction. The government contends that the scope of 18 U.S.C. § 930(e)(1) is not at issue, because the VOSR Report charged Holloway with violating a condition of supervised release that directly prohibited him from retaining or possessing a dangerous weapon. Holloway, on the other hand, asserts that the VOSR Report alleged a violation of the condition directing him to refrain from committing a

federal felony, therefore implicating section 930(e)(1).  We need not resolve this dispute because, even assuming a constitutional-vagueness analysis of section 930(e)(1) applies, Holloway fails to show plain error.

Section 930(e)(1) authorizes a fine and term of imprisonment for "whoever knowingly possesses or causes to be present a firearm or other dangerous weapon in a Federal court facility." 18 U.S.C. § 930(e)(1).  Meanwhile, section 930(g)(2) defines "dangerous weapon" as "a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death or serious bodily injury, except that such term does not include a pocket knife with a blade of less than 2 ½ inches in length."  *Id.* § 930(g)(2).  Holloway challenges the facial validity of section 930(e)(1), claiming that it prohibits possession of innocuous items such as boots, doors, handkerchiefs, and pencils, and thus is unconstitutional because it "invites wholly arbitrary enforcement."  Appellant's Br. at 11.

"[W]e typically evaluate vagueness challenges to statutes not threatening First Amendment interests . . . in light of the facts of the case at hand, *i.e.*, only on an as-applied basis."  *United States v. Requena*, 980 F.3d 30, 40 (2d Cir. 2020) (cleaned up).  This requirement is based on the general tenet that, to succeed in a facial challenge, "the challenger must establish that no set of circumstances exists under which the [challenged statute] would be valid."  *Id.* at 39 (citation omitted).  "Neither the Supreme Court nor our Court has definitely resolved whether facial vagueness challenges not based on the First Amendment may proceed against statutes that can constitutionally be applied to the challenger's *own* conduct."  *Id.* at 40.  In any event, Holloway fails to demonstrate section 930(e)(1)'s invalidity either on its face or as applied to his conduct.

First, section 930(e)(1) is not unconstitutionally vague as applied to Holloway.  Based on the plain text of the provision, a "person of ordinary intelligence" would have "a reasonable

opportunity to know" that smuggling a scalpel into a federal courthouse is prohibited by the statute. *Rybicki*, 354 F.3d at 132 (citation omitted).[2]  It cannot be seriously disputed that a scalpel is an item "readily capable of[] causing death or serious bodily injury."  18 U.S.C. § 930(g)(2).

Second, even assuming this Court can consider Holloway's facial challenge, it is meritless. An item may qualify as a dangerous weapon under section 930(e)(1) if it is (1) "used for . . . causing death or serious bodily injury" or (2) "is readily capable of[] causing death or serious bodily injury."  18 U.S.C. § 930(g)(2).  Holloway cites several cases concluding that items like water pitchers and boots are "dangerous weapons" under a definition of that term contained in the Sentencing Guidelines, *see* U.S.S.G. § 2A2.2(b)(2)(B), (C).[3]  He thus argues that section 930(e)(1) covers possession of innocuous, everyday items, rendering it unconstitutionally vague.

We disagree.  The definition of "dangerous weapon" in section 930(g)(2) requires no "judge-imagined abstraction" in its application, which instead depends on "real-world facts." *Johnson v. United States*, 576 U.S. 591, 598 (2015).  Moreover, the potential breadth of conduct covered by a criminal statute does not render it unconstitutionally vague.  "Statutes need not . . . achieve meticulous specificity, which would come at the cost of flexibility and reasonable breadth. The test is whether the language conveys sufficiently definite warning as to the proscribed conduct

---

[2] While the relevant inquiry focuses on a hypothetical "person of ordinary intelligence," the circumstances here also demonstrate Holloway's actual knowledge that he engaged in prohibited conduct. Holloway evaded detection by courthouse security by concealing the scalpel in his rectal cavity—an extraordinary action that no reasonable person would take unless he believed that he was engaged in prohibited conduct.

[3] None of the cases cited by Holloway involved section 930(e)(1) or the definition of "dangerous weapon" in section 930(g)(2). *See, e.g.*, *United States v. Tolbert*, 668 F.3d 798, 802 (6th Cir. 2012); *United States v. Serrata*, 425 F.3d 886, 910–11 (10th Cir. 2005); U.S.S.G. §§ 1B1.1 cmt. n.1 (defining "[d]angerous weapon" as "an instrument capable of inflicting death or serious bodily injury"); 2A2.2 cmt. n.1 (for purposes of a sentencing enhancement for aggravated assault, including in the definition of "[d]angerous weapon . . . any instrument that is not ordinarily used as a weapon . . . if such an instrument is involved in the offense with the intent to commit bodily injury").

when measured by common understanding and practices." *Arriaga v. Mukasey*, 521 F.3d 219, 224 (2d Cir. 2008) (cleaned up). A person of ordinary intelligence would understand the type of conduct covered by section 930(e)(1). We are also unpersuaded by Holloway's assertion that the statute "invites wholly arbitrary enforcement." Appellant's Br. at 11. Holloway fails to cite a single instance of this statute being enforced in a way that "allows policemen, prosecutors, and juries to pursue their personal predilections." *Arriaga*, 521 F.3d at 228 (citation omitted). Thus, Holloway has not shown that section 930(e)(1) "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at 597.

We have considered the remainder of Holloway's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court